# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAMIRO CASARES-CASTELLON, a.k.a.
Ramiro Casares Castellon,
                    *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,

                    *Respondent.*

No. 05-76788

Agency No.
A092-840-043

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 14, 2010—San Francisco, California

Filed May 4, 2010

Before: Andrew J. Kleinfeld and Sidney R. Thomas,
Circuit Judges, and William Stafford,
Senior* District Judge.

Per Curiam Opinion

---

*The Honorable William Stafford, United States District Judge for the
Northern District of Florida, sitting by designation.

## COUNSEL

James Todd Bennett, El Cerrito, California, for the petitioner.

Karen L. Melmik (argued) and Jennifer Lightbody (brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

PER CURIAM:

Ramiro Casares-Castellon ("Casares") petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision deeming his timely-filed application for relief under former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) (repealed 1996), abandoned for failure to submit documents supporting his request for relief within the time prescribed. Casares also petitions for review of the IJ's decision deeming his application for cancellation of removal pretermitted. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

I

Casares contends that the BIA misinterpreted 8 C.F.R. § 1003.31(c) in its non-precedential decision affirming the IJ's decision to deem his application for former section 212(c) relief abandoned for failure to timely submit court-requested documentation. We agree.

[1] To determine whether an agency's interpretation of its own regulation is accorded deference, this court conducts a two-step inquiry. First, deference is warranted only when the language of the regulation is ambiguous; otherwise, "[t]o

defer to the agency's position would be to permit the agency, under the guise of interpreting a regulation, to create *de facto* a new regulation." *Christensen v. Harris County*, 529 U.S. 576, 588 (2000) (emphasis in original); *Bassiri v. Xerox Corp.*, 463 F.3d 927, 931 (9th Cir. 2006). Second, if the regulation is ambiguous, then the agency's interpretation of it is controlling unless plainly erroneous or inconsistent with the regulation. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997); *see also Bassiri*, 463 F.3d at 931.

8 C.F.R. § 1003.31(c) provides that:

> The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.

We need not decide whether the BIA's interpretation of 8 C.F.R. § 1003.31(c) is "plainly erroneous," because we conclude that the regulation's language plainly limits any waiver to the actual application or document not timely filed. Thus, where Casares' application was itself timely filed, the BIA erred in holding that Casares' failure to timely submit subsequent documentation allowed the IJ to deem his entire timely-filed, statutorily authorized application abandoned. We need not decide the scope of the power of an IJ to pretermit applications in other contexts or for other reasons. The IJ and the BIA relied solely on the regulation at issue. The IJ's authority under that regulation is limited to the terms of the regulation, which do not authorize an IJ to deem an entire timely-filed application abandoned for failure to file a supplemental document within a specified time. Under the regulation, the IJ is authorized only to deem the opportunity to file the specific documents subject to the order as waived.

**[2]** Neither the BIA nor the IJ reached the merits of Casares' application. Therefore, we must remand to the

agency for a merits determination. We do not prejudge the results of that inquiry.

## II

The BIA failed to address Casares' contention that the IJ erred in deeming his application for cancellation of removal under INA § 240A, 8 U.S.C. § 1229b, pretermitted. The BIA is "not free to ignore arguments raised by a [party]." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). We remand to the BIA to decide this issue in the first instance.

We need not, and do not, reach the remaining issues raised by the parties.

**PETITION GRANTED; REMANDED.**