09-3739-ag
Fen Di Chen v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of October, two thousand ten.

PRESENT:  ROGER J. MINER,
          BARRINGTON D. PARKER,
          REENA RAGGI,
                    *Circuit Judges*.

-----------------------------------------------------------------
FEN DI CHEN,
                    *Petitioner*,

            v.                                    No. 09-3739-ag

ERIC H. HOLDER, JR., United States Attorney
General,
                    *Respondent*.
-----------------------------------------------------------------

APPEARING FOR PETITIONER:    DOUGLAS B. PAYNE, ESQ. New York, New York.

APPEARING FOR RESPONDENT:    TIFFANY WALTERS-KLEINERD (Ali Manuchehry, Trial Attorney, Office of Immigration Litigation; Tony West, Assistant Attorney General, Civil Division; Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Fen Di Chen, a native and citizen of the People's Republic of China, petitions for review of a BIA decision affirming a ruling by Immigration Judge ("IJ") Gabriel C. Videla, denying Chen asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the ground that he did not establish refugee eligibility based on past persecution or a well-founded fear of future persecution related to an objective likelihood of forced sterilization. See In re Fen Di Chen, No. A073 508 011 (B.I.A. Aug. 4, 2009). Because Chen does not challenge the denial of his withholding and CAT claims in his petition, we deem these claims waived and limit our review to the denial of asylum. See, e.g., Xia Fan Huang v. Holder, 591 F.3d 124, 127 n.1 (2d Cir. 2010). We here review the IJ decision as supplemented by the BIA. See Pierre v. Holder, 588 F.3d 767, 772 (2d Cir. 2009). We treat agency findings of fact supported by substantial evidence as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). We review questions of law and the application of law to undisputed fact de novo. See Yanqin Weng v. Holder, 562 F.3d at 513. In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    IJ Impartiality

Due process demands that an asylum applicant receive a full and fair opportunity to present his claims to an impartial adjudicator.  See Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008); Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir. 2006).  Chen submits that the IJ acted as a "litigator" rather than an impartial adjudicator by commenting unfavorably on Chen's unexplained failure to meet a deadline for the submission of further materials to support his claimed fear of future sterilization.  Petitioner's Br. at 16.  Because this purported error was not raised before the BIA, it is not preserved for our review.  See Lin Zong v. U.S. Dep't of Justice, 480 F.3d 104, 118-23 (2d Cir. 2007); United States v. Gonzalez-Roque, 301 F.3d 39, 47-48 (2d Cir. 2002).

2.    Asylum Eligibility

a.    The Focus on Chen's Wife's Sterilization

Chen asserts that the IJ erred by "misdirect[ing] the focus" of his application away from his claim of past persecution and toward the sterilization of his wife.  Petitioner's Br. at 18.  The argument must be considered in light of the shifting legal landscape during the fifteen years since Chen filed his asylum application in September 1995.  At the time of Chen's filing, the availability of asylum to a person claiming a fear of forced sterilization under China's population control policy was not evident.  See In re Chang, 20 I. & N. Dec. 38, 43-47 (B.I.A. 1989).  In 1996, however, Congress amended the definition of "refugee" to include, inter alia, aliens forced to undergo or threatened with forced abortions or sterilizations.    See Illegal Immigration Reform and Immigrant Responsibility Act

3

("IIRIRA"), Pub. L. No. 104-208, § 601, 110 Stat. 3009, 3009-689 (1996). Soon thereafter, the BIA permitted persons whose spouses had been involuntarily sterilized to claim derivative refugee status. See In re C-Y-Z-, 21 I. & N. Dec. 915, 918-20 (B.I.A. 1997). Ten years later, this court determined en banc that the statute did not support such derivative claims. See Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 305-13 (2d Cir. 2007) (en banc). At the same time, we emphasized that nothing in our ruling prevented applicants from claiming refugee status based "on something beyond [a] spouse's . . . persecution." Id. at 312.

Viewed against this legal background, we recognize that Chen's claim is not, and never was, based solely on his wife's sterilization. In the interval between C-Y-Z- and Shi Liang Lin, his spouse's sterilization may have provided another ground for Chen to seek asylum. But Chen always asserted that he himself was persecuted when, after his wife's fourth pregnancy, Chinese officials fined, beat, and detained him, and then attempted forcibly to sterilize him in furtherance of the country's population control policy. We are not persuaded, however, that at the time of the challenged ruling, the agency misunderstood Chen's claim. Indeed, at the August 17, 2007 hearing, the IJ noted that Chen sought asylum based on his own fear of sterilization. In this context, it appears that the IJ requested submissions related to Chen's wife's sterilization because the record was otherwise devoid of evidence indicating a likelihood that China would enforce its population control policy by sterilizing both spouses. In short, the intervening sterilization of Chen's wife was relevant not as the basis for Chen's persecution claim but as an intervening fact that raised a question

4

as to the objective reasonableness of Chen's professed fear of his own sterilization if returned to China.

    b.  <u>The Request for Corroborating Evidence that China Would Likely Sterilize Both Spouses</u>

  Chen argues that the agency erred, in any event, by requiring him to produce evidence that China sterilizes both spouses to enforce its population control policy without specifying the evidence required or explaining how it was reasonably available to him. <u>See</u> <u>Jin Shui Qiu v. Ashcroft</u>, 329 F.3d 140, 153 (2d Cir. 2003), <u>overruled on other grounds by</u> <u>Shi Liang Lin v. U.S. Dep't of Justice</u>, 494 F.3d at 305; <u>Diallo v. INS</u>, 232 F.3d 279, 287-90 (2d Cir. 2000). We are not persuaded.

  To the extent the evidence at issue is properly labeled corroborating,[1] the IJ identified the required submission as anything that might support an inference that China was likely to sterilize both spouses. The fact that Chen was afforded considerable latitude in producing such evidence does not indicate a defect in identification. Chen asserts that the IJ could only speculate as to the reasonable availability of such evidence because China does not keep statistics on sterilization. In fact, the country report submitted by the government states that China does not have a "requirement that a specific member of the couple have the appropriate sterilization procedure, but generally it is the women who have the procedure performed." 1998 U.S. State Department Profile of Asylum Claims and Country Conditions

---

  [1] As Chen did not testify that China's policy was to sterilize both spouses, there is no evidence, not simply no corroborating evidence, on this point in the record. There is only Chen's professed subjective fear that he continues to face forcible sterilization even after sterilization of his wife.

5

in China, at 24; see Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir. 2006) (noting that State Department reports are "probative" and may be relied upon). Moreover, Chen was given the opportunity either to submit the requested evidence or to explain its unavailability. He failed to do either. Under these circumstances, we identify no Diallo error.

c.     The Failure to Recognize Past Persecution

Chen argues that the agency erred in failing to recognize that his credible testimony established past persecution giving rise to a rebuttable presumption of future persecution. See Tao Jiang v. Gonzales, 500 F.3d 137, 140 (2d Cir. 2007). Even assuming Chen's demonstration of past persecution, however, the noted presumption is convincingly rebutted by a change in circumstances that allowed the agency to conclude that Chen's fear of future sterilization is "no longer well-founded." Dong Zhong Zheng v. Mukasey, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); see Lin Zhong v. U.S. Dep't of Justice, 480 F.3d at 116; Tambadou v. Gonzales, 446 F.3d 298, 302 (2d Cir. 2006) (noting that a well-founded fear is a "subjective fear that is objectively reasonable" (internal quotation marks omitted)).[2] Specifically, Chen acknowledges that after he left China, his wife was sterilized.

---

[2] Although the BIA stated that it "concur[red]" in the IJ's finding that Chen did not establish eligibility based on past persecution, In re Fen Di Chen, No. A073 508 011, at 2, it does not appear that the IJ made any such finding, focusing instead on Chen's failure to comply with the deadline to produce supplemental evidence. We need not here decide whether the missed deadline for filing supplemental papers would permit the IJ to deem petitioner's past persecution claim (raised in his initial application) waived. See 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." (emphasis added)); Casares-Catellon v. Holder, 603 F.3d 1111, 1113 (9th Cir. 2010) (concluding that plain language of 8 C.F.R. § 1003.31(c) only permits IJ to waive applicant's ability to file document, not to "deem an entire timely-filed application abandoned"); see also In re R-S-H,

6

Common sense alone might support the inference that once one spouse is sterilized, China would not need to sterilize the other spouse to enforce its population control policy. Moreover, the country report provides actual evidence that China's practice is to sterilize one spouse, usually the woman.

On this record, the agency reasonably concluded that Chen's fear of future sterilization, even if based on credible evidence of past persecution, was no longer objectively reasonable. See Dong Zhong Zheng v. Mukasey, 552 F.3d at 284; see also Shao v. Mukasey, 546 F.3d 138, 159-62 (2d Cir. 2008) (upholding agency finding that applicant failed to show objectively reasonable fear of forced sterilization where record did not establish that China sterilized those who fathered children abroad); In re J-H-S-, 24 I. & N. Dec. 196, 202-03 (B.I.A. 2007) (finding that applicant failed to establish well-founded fear of persecution, noting lack of evidence showing that birth of two children triggers persecution for violating one-child policy).

We have considered Chen's other arguments on appeal and conclude that they lack merit. Accordingly, we DENY the petition for review, and we VACATE any stay of removal previously granted in this case.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

23 I. & N. Dec. 629, 638 (B.I.A. 2003) (holding that alien "waived his opportunity to pursue [an] issue on appeal" by not raising it before IJ). Nowhere in its decision did the BIA suggest that it refused to consider Chen's arguments based on waiver.