NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RAMIRO-RAMIREZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-71329 Agency No. A093-161-151 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2019**
Pasadena, California

Before: LIPEZ,*** WARDLAW, and HURWITZ, Circuit Judges.

Jose Ramiro-Ramirez, a native and citizen of El Salvador, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an order of an Immigration Judge ("IJ") denying his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA did not abuse its discretion in deeming Ramiro's application abandoned. When Ramiro originally proffered an incomplete application, the IJ rejected it but extended the filing deadline. Ramiro did not file any application by that deadline. *See* 8 C.F.R. § 1003.31(c); *cf. Casares-Castellon v. Holder*, 603 F.3d 1111, 1113 (9th Cir. 2010) (per curiam). And, he does not argue that the IJ abused his discretion in rejecting the initial application.

2. Ramiro was not denied due process. His counsel was notified about the extended application deadline, and the failure to meet that deadline therefore does not implicate due process, absent ineffective assistance of counsel. *See Singh v. Gonzales*, 416 F.3d 1006, 1014–15 (9th Cir. 2005). Whether Ramiro received effective assistance was not before the BIA and is not at issue in this petition for review. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (noting that "in the vast majority of cases," the BIA considers ineffective assistance in a motion to reopen).

**PETITION DENIED.**