**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZIZ MAROKI AORAHA; SOAADA POLS SHAMAWEN, | No.    19-72248 |
| Petitioners, | Agency Nos.    A206-915-026<br>A206-915-039 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2021**
Pasadena, California

Before:  M. SMITH and IKUTA, Circuit Judges, and STEELE,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Aziz Maroki Aoraha and Soaada Pols Shamawen petition for review of a decision of the Board of Immigration Appeals (BIA) affirming the final order of removal issued by an Immigration Judge (IJ). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioners did not exhaust their argument that the IJ abused his discretion and violated their due process rights by failing to obtain a knowing and voluntary waiver of their right to counsel. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Because the agency could have corrected this procedural error had it been raised by petitioners, we lack jurisdiction to consider it, even though petitioners have framed this claim as a constitutional claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The IJ did not abuse his discretion by denying petitioners' request for a second continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008). The IJ reasonably concluded that the petitioners did not show "good cause" for the second continuance, 8 C.F.R. § 1003.29, given that the IJ had previously granted petitioners a two-month continuance to file an asylum application and gave petitioners clear instructions to return with a completed asylum application, *cf. Pleitez-Lopez v. Barr*, 935 F.3d 716, 719–20 (9th Cir. 2019), yet petitioners failed to provide a completed asylum application (or evidence of filing such an

application) at the second hearing. There are no bright-line rules for determining whether a denial of a continuance constitutes an abuse of discretion, *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008), and the BIA's reasoning was not "arbitrary and unreasonable," *see Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009).

Nor did the denial of a continuance violate petitioners' due process rights, given that the agency's denial was not an abuse of discretion, and the petitioners did not show prejudice, given that (as the BIA pointed out) petitioners have still not provided any evidence of an attempt to file an asylum application. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000).[1]

Finally, the BIA did not err in holding that petitioners' failure to comply with the IJ's deadline constituted waiver of the opportunity to file an asylum application. *See* 8 C.F.R. § 1003.31(c); *Casares-Castellon v. Holder*, 603 F.3d 1111, 1113 (9th Cir. 2010).

**PETITION DENIED.**

---

[1] To the extent petitioners argue that they were denied their due process rights because they were prevented from filing their asylum application by ineffective assistance of counsel or fraud, this claim is unexhausted and we lack jurisdiction to consider it. *See Barron*, 358 F.3d at 678.