# MATTER OF FEFE

## In Exclusion Proceedings

### A-28556862

*Decided by Board August 1, 1989*

(1) An applicant for asylum cannot meet his burden of proof unless he testifies under oath regarding his application; and, therefore, an immigration judge should not proceed to adjudicate a written application for asylum if no oral testimony has been offered in support of that application.

(2) At a minimum, the regulations require that an asylum applicant take the stand, be placed under oath, and be questioned as to whether the information in his written application is complete and correct; the examination of an applicant will ordinarily be this brief only where the parties have stipulated that the applicant's oral testimony would be consistent with his written application and that his testimony would be believably presented.

EXCLUDABLE: Act of 1952—Sec. 212(a)(19) [8 U.S.C. § 1182(a)(19)]—Fraud or willful misrepresentation of a material fact

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Candace L. Jean, Esquire
7103 S.W. 102 Avenue
Miami, Florida 33173

ON BEHALF OF SERVICE:
John R. Frenkel
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 17, 1989, the immigration judge denied the applicant's requests for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1982), and ordered that the applicant be excluded and deported from the United States. The applicant appealed. The record will be remanded for further proceedings.

The applicant is a 24-year-old native and citizen of Haiti. He arrived in the United States on November 5, 1988. The Immigration and Naturalization Service then initiated exclusion proceedings against the applicant by issuing a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122) which

116

alleged that the applicant was inadmissible to the United States pursuant to sections 212(a)(19) and (20) of the Act, 8 U.S.C. §§ 1182(a)(19) and (20) (1982).

At his exclusion hearing, the applicant did not contest his excludability, but he requested asylum. He completed a Request for Asylum in the United States (Form I-589), including a two-page, typewritten addendum providing details concerning his fear of persecution in Haiti, which was forwarded to the Department of State Bureau of Human Rights and Humanitarian Affairs for an advisory opinion. *See* 8 C.F.R. § 236.3(a)(1) (1988).

The applicant appeared with counsel for the hearing on the merits of his asylum application. Applicant's counsel stated that because "the I-589 [is] such an extensive story in itself, we'll just rest on that." The Service attorney also declined to ask the applicant any questions concerning his written asylum request, stating that he was "not going to cross examine." In a closing statement, the Service attorney raised various questions regarding the nature of the information provided in the applicant's affidavit. The immigration judge then entered his decision denying the applicant's requests for asylum and withholding of deportation. In his decision, the immigration judge reviewed the applicant's written testimony but described his statements as "self-serving." The immigration judge also noted that the applicant had offered no corroboration for his Form I-589, and he stated that "[w]e don't know whether his story is true or not."

On appeal, the applicant contends that the immigration judge erred in denying his applications for asylum and withholding of deportation.[1] We find that the record should be remanded because the immigration judge has not complied with the regulations concerning asylum hearings.

The regulations regarding the procedure for adjudication of asylum applications provide at 8 C.F.R. § 208.6 (1988) that an "applicant shall be examined in person by an immigration officer or judge prior to the adjudication of the asylum application." The regulations further provide at 8 C.F.R. § 236.3(a)(2) (1988) that when an applicant requests asylum in exclusion proceedings, he "shall be examined under oath on his application and may present evidence on his behalf." *See also* 8 C.F.R. § 242.17(c) (1988). In *Matter of Balibundi*, 19 I&N Dec. 606 (BIA 1988), we held that in light of the requirement that an asylum applicant must be examined under oath, an immigration judge

---

[1] The applicant's current counsel also contends that the applicant received ineffective assistance of counsel at his exclusion hearing. Because the record will be remanded for a hearing de novo, we need not address this argument.

should not adjudicate an asylum application where an applicant fails to appear for a hearing.

At a minimum, we find that the regulations require that an applicant for asylum and withholding take the stand, be placed under oath, and be questioned as to whether the information in the written application is complete and correct. We would not anticipate that the examination would stop at this point unless the parties stipulate that the applicant's testimony would be entirely consistent with the written materials and that the oral statement would be believably presented.

In the ordinary course, however, we consider the full examination of an applicant to be an essential aspect of the asylum adjudication process for reasons related to fairness to the parties and to the integrity of the asylum process itself. We note that there are often significant differences (either discrepancies or meaningful omissions) between the written and oral statements in an asylum application; these differences cannot be ascertained unless an applicant is subjected to direct examination. Moreover, if an applicant is not fully examined under oath there would seldom be a means of detecting those unfortunate instances in which an asylum claim is fabricated. On the other hand, there are cases where an alien establishes eligibility for asylum by means of his oral testimony when such eligibility would not have been established by the documents alone.

We stated in *Matter of Mogharrabi*, 19 I&N Dec. 439, at 445 (BIA 1987), that an alien can demonstrate eligibility for asylum where his "testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for his fear." It is difficult for an alien to satisfy this standard unless he presents testimony at his hearing which is consistent with and corroborates any previous written statements in his Form I-589. *See* Office of the United Nations High Commissioner for Refugees, *Handbook on Procedures and Criteria for Determining Refugee Status Under the 1951 Convention and the 1967 Protocol Relating to the Status of Refugees* para. 199-200 at 47-48 (Geneva, 1979). Accordingly, in cases such as the instant one, where the alien's counsel seeks to "rest" his case on a completed Form I-589 and the parties have not entered into a stipulation regarding the contents of the Form I-589, the immigration judge should inform counsel that an alien cannot meet his burden of proof unless he testifies under oath regarding his application. The immigration judge in some cases, for example where an alien is not represented, may wish to question the alien concerning the completed Form I-589. The immigration judge should not, however, proceed to adjudicate a written application for asylum if no oral testimony has been offered in support of that application. *See Matter of Balibundi, supra.*

Because the immigration judge here did adjudicate the respondent's asylum application based solely on written statements in the Form I-589, and because this is not a case where there is agreement that the applicant's written statement is believable and that the applicant could have presented oral testimony consistent with that statement, the record will be remanded to the immigration judge for further proceedings in light of this opinion.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.