10-2895-ag
Krivca v. Holder

BIA
Straus, IJ
A099 559 559
A099 559 558

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of September, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

LJAURA KRIVCA, BESNIK SALAI,
> *Petitioners,*

v.                                              10-2895-ag
                                                NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Justin Conlon, North Haven, CT.

FOR RESPONDENT:         Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Anthony C. Payne, Office of Immigration Litigation; U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ljaura Krivca and her husband Besnik Salai, natives of the former Yugoslavia and citizens of Macedonia, seek review of a June 23, 2010, decision of the BIA affirming the May 29, 2008, decision of Immigration Judge ("IJ") Michael W. Straus, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ljaura Krivca, Besnik Salai,* Nos. A099 559 559/558 (BIA June 23, 2010), *aff'g* Nos. A099 559 559, A099 559/558 (Immig. Ct. Hartford, CT, May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Petitioners challenge the agency's adverse credibility determination on the grounds that the agency ignored corroborating evidence, improperly discounted two summonses, and erred in failing to require that Salai testify at the hearing.

Petitioners first argue that the BIA erred in failing to consider all of the materials in evidence. We reject this argument. The BIA is not required to address explicitly each piece of evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (rejecting the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"). Moreover, the record does not compel the conclusion that the BIA failed to consider all of Petitioners' submissions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Nor did the BIA err in finding that two summonses purportedly issued to Krivca by the Macedonian authorities were inauthentic and unreliable. Although an IJ may not

3

reject a document solely because it was not authenticated pursuant to 8 C.F.R. § 287.6 (subsequently recodified at § 1287.6), *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), we afford IJs "considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence and in using documents found to be authentic in making an overall assessment of the credibility of a petitioner's testimony and, ultimately, of her persecution claim." *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008). Here, the agency reasonably determined that the summonses were not reliable because they were not authenticated, the issuance dates were unspecific and altered, and the second summons, which purportedly required Krivca to appear for questioning about her published letter to a newspaper, was issued before the letter was published. *Id*.

Petitioners' argument that the BIA erred in failing to require Salai's testimony is also unavailing. First, Salai's assertion that the BIA failed to consider his claims for relief is essentially a due process claim, as it is based on his allegation that the IJ failed to follow the required procedures for adjudication of an asylum claim and

4

failed to give him the opportunity to be heard. "To establish a violation of due process, an alien must show that [he] was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotations marks and citations omitted). Here, the record reflects that, after Krivca and an expert had testified, the IJ asked Petitioners' counsel whether he wished to present any additional evidence. In discussing the possibility of Salai testifying, counsel proffered that Salai's testimony would contain "nothing new," and would be duplicative of Krivca's testimony. Second, the IJ gave counsel the opportunity to consult with Petitioners off the record regarding the decision not to have Salai testify, and on returning, counsel did not indicate that Petitioners disagreed with this decision. Because Salai was thus afforded "a full and fair opportunity" to present his claims, his argument that the case should be remanded to allow him an opportunity to testify is without merit. *Id.; see also Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) ("[A] party who voluntarily chose an attorney as his representative in an action cannot

avoid the consequences of the acts or omissions of this freely selected agent." (internal alterations and quotation marks omitted)).

Petitioners also argue that *Matter of Fefe*, 20 I. & N. Dec. 116 (BIA 1989), supports their contention that the IJ erred in failing to require Salai to take the stand, as his testimony was required under 8 C.F.R. § 1240.11(c)(3)(iii), which provides that "[d]uring the removal hearing, the [asylum applicant] shall be examined under oath on his or her application . . .." In *Matter of Fefe*, there was no witness testimony whatsoever, nor did the applicant submit any evidence other than his asylum application. *See Matter of Fefe*, 20 I. & N. Dec. at 117. In that context, the applicant's failure to testify left the IJ with insufficient information to render a decision. Here, however, Krivca, the primary applicant and a witness to all of the events which had befallen Salai, testified, and Salai proffered that his testimony would be the same. In addition, the requirement set forth in *Matter of Fefe* – that an applicant be questioned as to whether the information in his written statement is "complete and correct," 20 I. & N. Dec. at 118, – is inapplicable here, as Salai did not submit any written

statement of his claim, and his alleged independent application contained no information as to the basis of his claim, but simply referred to Krivca's statement.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk