

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GONZALO PINO ARELLANO, | No. 08-70554 |
| Petitioner, | Agency No. A078-903-932 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 6, 2012
San Francisco, California

Before: KOZINSKI, Chief Judge, CALLAHAN, Circuit Judge, and KORMAN, Senior District Judge.**

The IJ abused his discretion by concluding that Arellano abandoned his

application because it was incomplete.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

**1.** Arellano's asylum application arguably was materially incomplete in only one respect: his date(s) of entry into the United States, which would determine whether his application was timely. The parties, however, at least knew Arellano's initial date of entry from the Notice to Appear. While Arellano also left blank the space for answers to other questions, this information was contained elsewhere in the application or was immaterial to his asylum claim.

Moreover, the IJ should have allowed Arellano to remedy the relatively minor deficiencies in his application at the October 6, 2006 hearing. The BIA itself has held that IJs should not rely only on a written application, but should instead solicit the applicant's oral testimony. *See Matter of Fefe*, 20 I. & N. Dec. 116, 118 (BIA 1989) (applying nearly identical precursor to 8 C.F.R. § 1240.11(c)(3)(iii)); *see also Kllokoqi v. Gonzales*, 439 F.3d 336, 342 (7th Cir. 2005) ("[A]n asylum application need not be complete and may be supplemented with testimony."). At the very least, the IJ should have given Arellano "the opportunity to present any relevant and useful information" about whether the one-year jurisdictional bar applies to his case. *See* 8 C.F.R. § 1208.4(a).

And even if Arellano's application was materially incomplete, the government should have returned it to him long before the October hearing pursuant to 8 C.F.R. § 1208.3(c)(3), which provides that an incomplete application

shall be returned within 30 days of its receipt. However, "[i]f the [government] has not mailed the incomplete application back to the applicant within 30 days, it shall be deemed complete." 8 C.F.R. § 1208.3(c)(3). Because Arellano's asylum application was not returned, the IJ was obligated to accept it. *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 980-81 (9th Cir. 2006).

**2.** On remand, the IJ can consider whether Arellano filed his asylum application within one year of his last date of entry into the United States, *see* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2), and whether he abandoned his petition under 8 C.F.R. § 1208.8(a) when he left the country (assuming that he did). If these issues are resolved in Arellano's favor, the IJ may then address the merits of his case.

The petition for review is **GRANTED** and the matter is **REMANDED** to the BIA for further proceedings.

*Arellano v. Holder*, No. 08-70554

CALLAHAN, Circuit Judge, dissenting:

I respectfully dissent. Arellano filed a barebones asylum application that, in addition to lacking important details, offered at best a weak explanation for why he had not filed it within "within one year of his last date of entry into the United States." 8 U.S.C. § 1158(a)(2)(B); *see also* 8 C.F.R. § 1208.4(a)(2). Arellano told the immigration judge ("IJ") that he wanted to proceed with that application, but that he was going to supplement it. In other words, everyone at the May 24, 2006, hearing understood that more needed to be done. Indeed, this may have been the reason the IJ did not reject or return Arellano's application as incomplete under 8 C.F.R. § 1208.3.

Thus, it should have come as no surprise when, at the October 6, 2010, hearing, the IJ was perplexed by Arellano's failure to supplement his application, despite having had five months to do so. Busy immigration courts should not be required to give an alien a second or third chance to do what he should have done (and promised he would do) initially. Moreover, when the IJ expressed his concerns, Arellano made no representation that his application would be timely if only the IJ gave him the chance to supplement it; the IJ might reasonably have thought more process would be a useless exercise. The IJ weighed the parties' arguments and set forth a reasoned basis for his decision. Even if Arellano could

have offered some further explanation, doing so would have been unfair to the government, because it would not have had time to investigate or consider whatever additional information Arellano intended to provide.

Because, in my view, the IJ did not abuse his discretion in pretermitting Arellano's asylum application, I would grant the government's request for a voluntary remand to apply 8 C.F.R. §§ 1003.31(c) and/or 1208.8(a), rather than grant Arellano's petition.