MEMORANDUM **
The IJ abused his discretion by concluding that Arellano abandoned his application because it was incomplete.
1. Arellano’s asylum application arguably was materially incomplete in only one respect: his date(s) of entry into the United States, which would determine whether his application was timely. The parties, however, at least knew Arellano’s initial date of entry from the Notice to Appear. While Arellano also left blank the space for answers to other questions, this information was contained elsewhere in the application or was immaterial to his asylum claim.
Moreover, the IJ should have allowed Arellano to remedy the relatively minor deficiencies in his application at the October 6, 2006 hearing. The BIA itself has held that IJs should not rely only on a written application, but should instead solicit the applicant’s oral testimony. See Matter of Fefe, 20 I. & N. Dec. 116, 118 *819 (BIA 1989) (applying nearly identical precursor to 8 C.F.R. § 1240.11(c)(3)(iii)); see also Kllokoqi v. Gonzales, 439 F.3d 336, 342 (7th Cir.2005) (“[A]n asylum application need not be complete and may be supplemented with testimony.”)- At the very least, the IJ should have given Arella-no “the opportunity to present any relevant and useful information” about whether the one-year jurisdictional bar applies to his case. See 8 C.F.R. § 1208.4(a).
And even if Arellano’s application was materially incomplete, the government should have returned it to him long before the October hearing pursuant to 8 C.F.R. § 1208.3(c)(3), which provides that an incomplete application shall be returned within 30 days of its receipt. However, “[i]f the [government] has not mailed the incomplete application back to the applicant within 30 days, it shall be deemed complete.” 8 C.F.R. § 1208.3(c)(3). Because Arellano’s asylum application was not returned, the IJ was obligated to accept it. See Padilla-Padilla v. Gonzales, 463 F.3d 972, 980-81 (9th Cir.2006).
2. On remand, the IJ can consider whether Arellano filed his asylum application within one year of his last date of entry into the United States, see 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2), and whether he abandoned his petition under 8 C.F.R. § 1208.8(a) when he left the country (assuming that he did). If these issues are resolved in Arellano’s favor, the IJ may then address the merits of his case.
The petition for review is GRANTED and the matter is REMANDED to the BIA for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.