FILED
United States Court of Appeals
Tenth Circuit

June 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOB SAMUEL RAMIREZ-
CANENGUEZ, a/k/a JOB SAMUEL-
RAMIREZ; GEOVANNY ALEXANDER
RAMIREZ-CANENGUEZ, a/k/a
ALEXANDER CANENGUEZ-
GIOVANNY,

        Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 12-9585
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit
Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Brothers Job Ramirez-Canenguez and Geovanny Ramirez-Canenguez (together, Petitioners) seek review of a decision of the Board of Immigration Appeals (BIA) concluding that the immigration judge (IJ) did not err in denying a continuance. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

## *Background*

Petitioners are natives and citizens of El Salvador who entered the United States illegally in May 2010 and were caught soon after crossing the border. They filed for asylum, restriction on removal, and relief under the Convention Against Torture (CAT), stating that they wished to pursue their educations but MS-13 gang members were harassing and threatening them, trying to get them to leave school and join the gang.

In short procedural hearings in July and October 2010, the IJ voiced concerns regarding the difficulty of seeking asylum in Petitioners' circumstances because harassment by gangs rarely arises from a protected attribute such as political opinion or membership in a particular social group. *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 587 (BIA 2008) ("[G]angs have directed harm against anyone and everyone perceived to have interfered with, or who might present a threat to, their criminal enterprises and territorial power. The respondents are therefore not in a substantially different situation from anyone who has crossed the gang, or who is perceived to be a threat to the gang's interests."); *see also Rivera-Barrientos v. Holder*, 666 F.3d 641, 653 (10th Cir. 2012) ("The evidence in the record suggests that gang violence is

widespread in El Salvador, and that MS-13 directs harm against any individual where doing so may promote the gang's interests."). A merits hearing was set for March 15, 2011.

In January 2011 counsel was allowed to withdraw because a pro bono organization would be representing Petitioners. Only two weeks before the merits hearing, however, on March 2, 2011, the organization terminated its involvement in Petitioners' case. Petitioners retained a new attorney, who requested a continuance of the merits hearing to allow him to prepare the case. *See* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown."). Relying on *Matter of Sibrun*, 18 I. & N. Dec. 354 (BIA 1983), the IJ denied the request for failure to establish good cause because counsel did not show that additional evidence would be significantly favorable to Petitioners; counsel could point to nothing that would establish a nexus between Petitioners' harm and any grounds eligible for asylum protection.

Once they were denied a continuance, Petitioners declined to testify in support of their asylum applications. Accordingly, the IJ denied the applications because Petitioners failed to meet their burden of proof. *See Matter of Fefe*, 20 I. & N. Dec. 116, 118 (BIA 1989) (asylum applicant cannot meet his burden of proof unless he testifies under oath regarding his application); 8 C.F.R. § 1240.11(c)(3)(iii) (requiring asylum applicant to be examined under oath).

Before the BIA, Petitioners argued that the IJ applied the wrong legal standard in evaluating their motion for a continuance and that the IJ erred in denying their applications for asylum. In a single-judge order the BIA held that the IJ had broad discretion to determine whether Petitioners had shown good cause for a continuance. Citing *Sibrun*, the BIA stated, "[A]n Immigration Judge's decision denying a motion for continuance will not be reversed unless the alien establishes that the denial caused him actual prejudice and harm and materially affected the outcome of his case." R. at 6 (brackets and internal quotation marks omitted). The BIA rejected Petitioners' contention that the IJ had not employed the "good cause" standard and held that Petitioners had failed to show material prejudice. Consequently, it dismissed the appeal.

### *Analysis*

The primary issue before us is the denial of a continuance, which we review for abuse of discretion. *See Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011). "Only if the decision was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis, will we grant the petition for review." *Id.* (brackets and internal quotation marks omitted).

Petitioners renew their argument that the agency did not employ the "good cause" standard. We disagree. In discussing the "good cause" standard, the BIA long ago held that if an alien seeks a continuance to prepare his case, he must show

- 4 -

"a diligent good faith effort to be ready to proceed and that any additional evidence he seeks to present is probative, noncumulative, and significantly favorable to [him]." *Sibrun*, 18 I. & N. Dec. at 356. On appeal to the BIA, the alien must show that the "denial caused him actual prejudice and harm and materially affected the outcome of his case." *Id.* at 356-57. "Bare, unsupported allegations are insufficient; the alien must specifically articulate the particular facts involved or evidence which he would have presented, and otherwise fully explain how denial of his motion fundamentally changed the result reached." *Id.* at 357.

In this case the BIA simply recognized and applied these well-established principles. In their BIA brief, Petitioners did not specifically articulate the particular facts involved or detail the evidence they would have presented had they been granted a continuance. Because they failed to meet *Sibrun*'s requirements, the BIA did not err in rejecting their challenges to the IJ's denial of the continuance.

Petitioners also contend that the BIA failed to address their argument that the IJ improperly denied their asylum applications. We must be cautious not to undertake tasks that properly fall to the agency. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam). Therefore, when the BIA has failed to address an argument, we remand if "a ground . . . appears to have substance." *Rivera-Barrientos*, 666 F.3d at 645. Given the procedural posture of this case, however, there is no substance to the asylum argument Petitioners presented to the BIA. Despite being warned by the IJ of the consequences, Petitioners refused to

testify in support of their applications.  Therefore, they failed to carry their burden of proof.  *See Fefe*, 20 I. & N. Dec. at 118; 8 C.F.R. § 1240.11(c)(3)(iii).  In the face of that failure, the IJ could not grant Petitioners' asylum applications and the BIA could not reverse such denial of relief.

Finally, Petitioners assert that the agency erred in ignoring their requests for restriction on removal and CAT relief.  This court lacks jurisdiction to consider this issue because they did not raise it in their appeal to the BIA.  *See Ismaiel v. Mukasey*, 516 F.3d 1198, 1207 (10th Cir. 2008).

Petitioners' motion to proceed in forma pauperis is granted.  The petition for review is denied.

Entered for the Court


Harris L Hartz
Circuit Judge