NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY SUGEY CONTRERAS-LARIOS, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-73706 <br><br> Agency No. A200-812-547 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,[**] District Judge.

Kelly Contreras Larios ("Contreras") petitions for review of the decision of

the Board of Immigration Appeals ("BIA") upholding the denial of her claims for

asylum and withholding of removal. We have jurisdiction under 8 U.S.C.

§ 1252(a)(1). We grant Contreras's petition for review. We remand Contreras's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

claims to the BIA for it to consider, in the first instance, whether the Immigration Judge ("IJ") prejudicially denied Contreras due process of law by deciding her case without a hearing, in the absence of an explicit, personal waiver of her right to a hearing.

Contreras fled from El Salvador to the United States when she was fifteen years old. In El Salvador, she had been kidnapped by the Mara Salvatrucha ("MS") gang and held for three days while gang members physically abused and raped her. She was released only on the condition that she pay the gang members a sum of money weekly. In her *pro se* application for asylum and withholding of removal, she wrote that the gang had targeted her because she was "a young lady." *See Mohammed v. Gonzales*, 400 F.3d 785, 797 (9th Cir. 2005) ("[T]he recognition that girls or women of a particular clan or nationality (or even in some circumstances females in general) may constitute a social group is simply a logical application of our law."). Contreras's attorney asserted before the IJ, the BIA, and this court, that she is a member of the particular social group "Salvadoran women tortured by misogynist gang members who believe that women are to be dominated and controlled wholly."

"[A]n alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Testimony at an asylum hearing is

2

central to the "integrity of the asylum process itself," *Oshodi v. Holder*, 729 F.3d 883, 890 (9th Cir. 2013), particularly because "there are cases where an alien establishes eligibility for asylum by means of his oral testimony when such eligibility would not have been established by the documents alone," *Matter of Fefe*, 20 I. & N. Dec. 116, 118 (BIA 1989).

Here, the IJ denied Contreras's claim for asylum and withholding of removal on February 26, 2014, prior to holding the scheduled hearing on the merits. The IJ did not inquire whether Contreras knowingly, voluntarily and intelligently waived her right to a hearing, *see* 8 C.F.R. § 1003.25(b), nor was there an express stipulation that no hearing would take place, *see Fefe*, 20 I. & N. Dec. at 118.[1] A hearing had actually been scheduled for May 13, 2014.

On March 25, 2014, Contreras filed a Sua Sponte Motion to Reconsider (the "Motion" or "Motion to Reconsider") with the immigration court, objecting to the fact that the IJ's decision had been made before the scheduled merits hearing and asserting that "[t]his mistake led to the abrogation of her pending asylum applications which constitutes an exceptional situation as it is an unjust

---

[1] The government argues that the IJ, Petitioner's attorney, and the government's attorney agreed in an "off-the-record" session, which was summarized on the record, that the parties would be returning to court only for a decision on a question of law. We agree that that is a fair reading of the record. However, nothing in the record indicates that Petitioner (whether on or off the record) waived her right to an actual hearing, or even that her attorney agreed that he was waiving Petitioner's right to actually testify orally.

3

infringement of her due process rights." Submission of Mot. to Reconsider dated March 25, 2014 at 4, *Contreras-Larios v. Barr*, No. 15-73706 (9th Cir. Mar. 1, 2019), Dkt. No. 42. The IJ did not rule on the Motion, and on May 1, 2014, the immigration court rejected the filing because, by that point, the BIA had taken up Contreras's administrative appeal.

Contreras's Notice of Appeal to the BIA lists the lack of a hearing as a ground for relief, but it does not specifically mention due process. Her brief to the BIA likewise does not claim she was denied due process. Contreras did not raise denial of due process in her opening brief before this court, and she did not file a reply brief.[2]

The BIA adopted the IJ's decision in its entirety, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "to signify that it had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). "[W]hen the BIA cites *Burbano* in its decision, all issues presented before the IJ are deemed to have been presented to the BIA." *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008). Thus, we may look to the record as a whole and all issues

---

[2] On February 28, 2019, we ordered supplemental briefing on the due process issue. Dkt. No. 41.

that had been before the IJ. *See Abebe*, 432 F.3d at 1040–41.

Unfortunately, the record before the BIA was incomplete—the Motion to Reconsider was inadvertently omitted. It is undisputed that the Motion should have been included in the administrative record. *See* 8 C.F.R. § 1003.2(b)(1) (stating that when a motion to reconsider is filed with the IJ, the BIA may consider it as a motion to remand). The government candidly and appropriately acknowledged that the Motion "should have made it to the Board," Oral Argument at 20:18, *Contreras-Larios v. Barr*, No. 15-73706 (9th Cir. Mar. 5, 2019), https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000015217, and conceded that the failure to send the Motion to the BIA was an error: "We confess error that it should have been included in the record initially." *Id.* at 20:29.

The government argues that the due process claim is unexhausted and that we lack jurisdiction to consider it, even as plain error. However, in the unique circumstances presented here, we need not reach the question of exhaustion. Had the Motion to Reconsider been properly included in the record to the BIA, the Board would have had the opportunity to address any due process issue as part of its independent review of the record. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) ("Because 'the policy underlying the exhaustion requirement is to give an administrative agency the opportunity to resolve a controversy or correct its own errors before judicial intervention,' *Zara v. Ashcroft*, 383 F.3d 927, 931

(9th Cir. 2004), we do not employ the exhaustion doctrine in a formalistic manner, but rather inquire into whether the issue was before the BIA such that it had the opportunity to correct its error.").

When the BIA fails to consider an issue because of an error, we must "give[] the BIA the opportunity to address the matter in the first instance in light of its own expertise." *INS v. Ventura*, 537 U.S. 12, 17 (2002). As in *Ventura*, remand is particularly appropriate here because it "could lead to the presentation of further evidence. . . ." *Id.* at 18 (holding that remand was required, in part, because only the BIA has the authority to remand a case for updated information).

Petitioner's right to an actual hearing is a fundamental one. *See Colmenar*, 210 F.3d at 971. Her counsel did not raise the issue before the BIA, but the BIA should have had the Motion to Reconsider before it, and if it had, it could have addressed the lack of a hearing. On remand, the BIA should do so.

Accordingly, we grant Contreras's petition to review her claims for asylum and withholding of removal and remand this case for the BIA to consider in the first instance whether Contreras was prejudicially denied due process of law, and if she was, the appropriate remedy. Our remand is without prejudice to the ability of any party to make any arguments on remand, including as to waiver.

**PETITION GRANTED AND REMANDED.**