**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIOLA LOPEZ LOPEZ; ANDER BOSBELI LOPEZ LOPEZ; JANDY ZULEMA LOPEZ LOPEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2626

Agency Nos.
A216-571-339
A216-571-340
A216-571-341

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Mariola Lopez Lopez and her two sons, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). They challenge the BIA's determination that they did not establish ineffective assistance of counsel or a due process violation. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

The BIA did not err by determining that Lopez Lopez had not demonstrated ineffective assistance of counsel. She does not dispute that she did not comply with the *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) procedural requirements for this claim, so she can prevail only if counsel's ineffectiveness is clear from the face of the record. *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019). That standard is not satisfied here. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1100–02 (9th Cir. 2009) (holding that counsel's reasonable strategic choice does not amount to ineffective assistance).

Lopez Lopez's claim that the BIA erred by determining that the IJ had not violated the requirements of *Matter of Fefe*, 20 I. & N. Dec. 116 (BIA 1989) also fails. The IJ did not prevent her from testifying, but rather asked Lopez Lopez under oath if her declaration was correct and contained her entire claim, and accepted counsel's representation that Lopez Lopez did not wish to testify. *See Oshodi v. Holder*, 729 F.3d 883, 890 (9th Cir. 2013) (to comply with *Matter of*

*Fefe* and due process, the IJ must "at least plac[e] the applicant under oath and question[] [her] 'as to whether the information in the written application is complete and correct'" (quoting *Matter of Fefe*, 20 I. & N. Dec. at 118)). She has not shown that counsel acted contrary to her wishes, or that live testimony could have affected the outcome of the proceeding. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (due process claims require a showing of prejudice).

To the extent that petitioners request administrative closure for the first time before this Court, this request is not properly before us because petitioners did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised).[1]

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

---

[1] To the extent that petitioners instead request that this Court exercise its own authority to administratively close the case, we decline to do so because administrative closure is not warranted. *See Sarkar v. Garland*, 39 F.4th 611, 618 (9th Cir. 2022).