# Matter of Jesus INTERIANO-ROSA, Respondent

File A094 098 765 - Boston, Massachusetts

*Decided June 21, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When an application for relief is timely filed but supporting documents are not submitted within the time established, the Immigration Judge may deem the opportunity to file the documents to be waived but may not deem the application itself abandoned.

FOR RESPONDENT: L. Manuel Macias, Esquire, East Boston, Massachusetts

BEFORE: Board Panel: MILLER, MALPHRUS, and MULLANE, Board Members.

MALPHRUS, Board Member:

In a decision dated December 1, 2009, the Immigration Judge deemed the respondent to have abandoned his applications for special rule cancellation of removal under section 203(b) of the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2198 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997) ("NACARA"), and, alternatively, for voluntary departure. The respondent has appealed from that decision. The Department of Homeland Security has not filed a brief in opposition. The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

At a September 15, 2009, master calendar hearing, the Immigration Judge directed the respondent to file his applications for relief by September 29, 2009. The Immigration Judge also directed the respondent to file copies of all docket sheets and police reports relating to any and all arrests and convictions.[1] The Immigration Judge instructed that if the respondent's counsel was unable to obtain any police reports or docket sheets because of the remoteness in time

---

[1] The respondent has five arrests, occurring in 1992, 1994, 1999, 2008, and 2009. His convictions stemmed from his 1999 arrest, pursuant to which he pled to disorderly conduct, assault and battery on a police officer, resisting arrest, and assault and battery.

of some of the arrests, he should submit a declaration describing his efforts and inability to obtain them. Finally, the Immigration Judge asked counsel to submit a brief addressing the respondent's eligibility for NACARA relief.

The respondent timely filed his application for special rule cancellation and numerous supporting documents. The respondent's submission included a declaration describing, among other things, four of his arrests. It included rap sheets, docket sheets from all five of his arrests, and police reports from his three most recent arrests. The police reports from his earliest two arrests, which occurred in 1992 and 1994, were not in the filing. The respondent's counsel did not submit a declaration explaining why he was unable to obtain the two oldest police reports, and he did not file a brief addressing the respondent's eligibility for NACARA relief.

At the December 1, 2009, hearing, counsel explained that he was unable to obtain the oldest two police reports because they were no longer available from either the court system or the police department. The Immigration Judge held that the respondent abandoned his applications for relief because he failed to comply with the directives given at the previous hearing.

On appeal the respondent argues that the Immigration Judge erred in deeming his applications for relief abandoned. This appeal presents a question of law, which we review de novo. *See Matter of Almanza*, 24 I&N Dec. 771, 774 (BIA 2009); 8 C.F.R. § 1003.1(d)(3)(ii) (2010).

## II. ANALYSIS

Immigration Judges have broad discretion to conduct and control immigration proceedings and to admit and consider relevant and probative evidence. *See* section 240(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(1) (2006); 8 C.F.R. §§ 1003.36, 1240.1(c), 1240.7(a) (2010); *see also, e.g.*, *Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009). In this regard, Immigration Judges have authority to set filing deadlines for applications and related documents. 8 C.F.R. § 1003.31(c) (2010); *see also Immigration Court Practice Manual*, §§ 3.1(b)(i)(B), (b)(ii)(B), at 33 (June 20, 2008), http://www.justice.gov/eoir/vll/OCIJPracManual/ocij_page1.htm ("For . . . hearings involving detained aliens, filing deadlines are as specified by the Immigration Court."). An application or document that is not filed within the time established by the Immigration Judge may be deemed waived. 8 C.F.R. § 1003.31(c); *see also Arrellano-Hernandez v. Holder*, 564 F.3d 906, 910-11 (8th Cir. 2009) (upholding the Immigration Judge's decision to deem an application waived because it was not filed within the deadline); *Hassan v. Gonzales*, 403 F.3d 429, 435-36 (6th Cir. 2005) (upholding the Immigration Judge's decision not to consider corroborating evidence submitted after the filing deadline); *Matter of R-R-*, 20 I&N Dec. 547, 549 (BIA 1992) (stating

that applications for benefits under the Act are properly denied as abandoned when an alien fails to timely file them).

In this case, the respondent's application was timely filed. The only documents not filed were two police reports, an explanation for not obtaining those police reports, and the requested brief. Under these circumstances, the proper course of action for the Immigration Judge would have been to deem the respondent's opportunity to file these documents waived and to determine what effect the failure to present them had on his ability to meet his burden of establishing that he is eligible for the relief sought and that he merits a favorable exercise of discretion. *See* section 240(c)(4)(A) of the Act; 8 C.F.R. § 1240.8(d) (2010). Deeming the application itself abandoned was not an appropriate disposition by the Immigration Judge. *See Casares-Castellon v. Holder*, 603 F.3d 1111, 1113 (9th Cir. 2010) (holding that the plain language of 8 C.F.R. § 1003.31(c) does not permit deeming a timely filed application abandoned for failure to file supplemental documents within a specified time).

In immigration proceedings, it is important for counsel to comply with reasonable requests from the Immigration Judge. The belief of the respondent's counsel that he did not need to comply with the Immigration Judge's request to file a brief because he viewed the issue as "straightforward" is not a legitimate excuse for failing to comply. The respondent has the burden to establish eligibility for the relief he seeks, and the failure to file requested briefs or other documents does not advance the claim. However, the consequence should not be to deem the applications for relief to be abandoned. The respondent should have been given an opportunity to proceed to a merits hearing with his testimony and the documentary evidence that was properly submitted.

For these reasons, the respondent's appeal will be sustained and the record will be remanded for further proceedings, including a hearing on the merits of his applications for NACARA relief and voluntary departure. We express no opinion regarding the merits of the respondent's applications. *See Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996).

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.