**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAGLORI MARTINEZ-HERRERA, AKA Sonia Vasquez-Perez,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 14-73532<br><br>Agency No. A072-990-842<br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before:  GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Maglori Martinez-Herrera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision finding that Martinez-Herrera abandoned her application for asylum and related relief. Our jurisdiction is governed by 8 U.S.C.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the decision to deem an application abandoned, *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), and we review de novo claims of due process violations, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining that Martinez-Herrera abandoned her application for relief, where she did not file a completed application with the immigration court by the deadline the IJ imposed. *See* 8 C.F.R. § 1003.31(c) (if an application "is not filed within the time set by the [IJ], the opportunity to file that application . . . shall be deemed waived"). We reject as unpersuasive Martinez-Herrera's contention that her application was not abandoned under *Matter of Interiano-Rosa*, 25 I. & N. Dec. 264 (BIA 2010) (where an application for relief is timely filed but lacking supporting documents, an IJ may deem the opportunity to file the documents waived, but may not deem the application itself abandoned), where her application form was not complete as submitted.

Martinez-Herrera's contentions that the agency ignored evidence or arguments, and failed to provide a reasoned explanation for its decision are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 987, 990 (9th Cir. 2010) ("[t]he [agency] does not have to write an exegesis on every contention" (internal quotes omitted)).

14-73532

Accordingly, Martinez-Herrera's contentions that her proceedings and the BIA's decision violated due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process challenge).

We lack jurisdiction to consider Martinez-Herrera's unexhausted challenges to the agency's decision not to grant her an additional continuance. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (exhaustion requires a petitioner to put the BIA on notice as to specific issues such that the agency had an opportunity to pass on those issues).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

14-73532