# Matter of F-C-S-, Respondent

*Decided as amended April 16, 2024[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The regulation at 8 C.F.R. § 1240.17 (2024) applies only to those respondents first placed in expedited removal proceedings whose applications for relief and protection were adjudicated by United States Citizenship and Immigration Services and who were then placed in removal proceedings under section 240 of the Immigration and Nationality Act, 8 U.S.C. § 1229a (2018).

FOR THE RESPONDENT: Stacy Tolchin, Esquire, Pasadena, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Cassidy Cloninger, Associate Legal Advisor

BEFORE: Board Panel: GREER and GOODWIN, Appellate Immigration Judges; PEPPER, Temporary Appellate Immigration Judge.

GREER, Appellate Immigration Judge:

In a decision dated April 11, 2023, the Immigration Judge denied the respondent's applications for withholding of removal under section 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A) (2018), and protection under the regulations implementing the Convention Against Torture ("CAT").[2] The respondent has appealed from that decision, arguing that the Immigration Judge erred in excluding his late-filed evidence based on the regulation at 8 C.F.R. § 1240.17 (2024). The appeal will be dismissed in part, and the record will be remanded for further proceedings.

---

[1] We amend the April 3, 2024, order in this case in response to the Department of Homeland Security's motion and to clarify issues regarding the procedural context of the decision.

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994).

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of El Salvador who entered the United States on October 16, 2022. The Department of Homeland Security ("DHS") issued a notice to appear, placing him in removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a (2018). DHS charged the respondent with removability under section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2018), as an immigrant not in possession of valid immigration documents. The respondent conceded removability and applied for asylum, withholding of removal, and CAT protection before the Immigration Judge.[3]

The Immigration Judge scheduled the merits hearing for April 11, 2023, and set a filing deadline of April 7, 2023, for the submission of documentary evidence. Both parties filed evidence prior to the deadline, but on April 10, 2023, the respondent submitted a motion to accept an untimely filing. The Immigration Judge denied the motion and admitted only the evidence filed before the deadline, excluding the two late-filed documents, which she marked for identification only. She subsequently conducted a competency inquiry due to the respondent's diagnosis of schizophrenia and determined that the respondent was competent to proceed.[4]

In support of his applications for relief, the respondent testified that members of the MS-13 gang confronted him because they believed a tattoo on his hand reflected allegiance to the rival 18th Street gang. On a subsequent occasion, gang members approached him outside the house he lived in with his godfather and cousin, forced him to strip so they could examine his tattoos, and asked him if he was related to "the fool." The respondent believed that they were referring to his cousin. The gang members then told the respondent that they did not want to see him there again, which the respondent took as a warning.

Based on these past events, the respondent sought withholding of removal because of his familial relationship to his cousin. In addition, he claimed harm from gangs and the government due to membership in the proposed particular social groups of "individuals with mental illness" and "individuals with tattoos who have criminal records." The Immigration Judge denied the respondent's application for statutory withholding of removal, finding he had not demonstrated past persecution or a clear probability of future persecution

---

[3] The respondent does not challenge the Immigration Judge's denial of his application for asylum. This issue is therefore waived on appeal. *See, e.g.*, *Matter of D-G-C-*, 28 I&N Dec. 297, 297 n.1 (BIA 2021).

[4] The respondent, who has been represented by the same counsel throughout these proceedings, has not challenged the Immigration Judge's competency determination.

on account of a protected ground.  She also denied the respondent's request for protection under the CAT.

The respondent challenges the denial of his applications for withholding of removal and CAT protection.  Regarding withholding of removal, he asserts that he has presented valid particular social groups and demonstrated a clear probability of persecution on account of his membership in them.  He also challenges the Immigration Judge's denial of his motion to accept late-filed evidence.  In particular, he argues that his removal proceedings are governed by 8 C.F.R. § 1240.17, and that the Immigration Judge violated 8 C.F.R. § 1240.17(k)(6) when she excluded the respondent's evidence submitted after the filing deadline despite his indicia of mental incompetency.  We address the respondent's arguments in turn beginning with the scope of the regulation at 8 C.F.R. § 1240.17.

## II.  ANALYSIS

### A.  Applicability of 8 C.F.R. § 1240.17

On August 20, 2021, the Department of Justice ("DOJ") and DHS issued a notice of proposed rulemaking entitled Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 86 Fed. Reg. 46906 (proposed Aug. 20, 2021) (to be codified at 8 C.F.R. pts. 208, 235, 1003, 1208, 1235).  In response to the comments received on the proposed rule, DOJ and DHS issued an interim final rule with a further request for comments on March 29, 2022.  Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 87 Fed. Reg. 18078 (Mar. 29, 2022) (interim rule) (to be codified at 8 C.F.R. pts. 208, 212, 235, 1003, 1208, 1235, 1240).  The interim final rule went into effect on May 31, 2022.  *Id.* at 18078, 18089.  The rule added new regulations at 8 C.F.R. § 1240.17.  *Id*. at 18223–26.

These regulations at 8 C.F.R. § 1240.17 are designed to allow asylum applications submitted by individuals in expedited removal proceedings to first be adjudicated by United States Citizenship and Immigration Services ("USCIS") in a nonadversarial setting.   87 Fed. Reg. at 18079–80; *see generally* INA § 235, 8 U.S.C. § 1225 (2018) (discussing expedited removal proceedings).  If USCIS denies the application, the asylum applicant may seek de novo review in removal proceedings before an Immigration Judge.  87 Fed. Reg. at 18080.  The individuals covered by the new regulation must have "been found to have a credible fear of persecution or torture, and [USCIS] subsequently adjudicated but did not grant the respondent's application for asylum."  8 C.F.R. § 1240.17(a).

The respondent argues that 8 C.F.R. § 1240.17 applies to his removal proceedings, and thus the Immigration Judge was bound by 8 C.F.R. § 1240.17(g) and (k) when evaluating whether to admit his late-filed evidence.  The regulation at 8 C.F.R. § 1240.17(g)(1) states, in pertinent part, that "[t]he immigration judge shall exclude documentary evidence . . . if the documentary evidence is not submitted . . . by the applicable deadline."  "The Immigration Judge may consider documentary evidence . . . submitted after the applicable deadline . . . only if the evidence could not reasonably have been obtained and presented before the applicable deadline through the exercise of due diligence . . . ."  8 C.F.R. § 1240.17(g)(2).  Under 8 C.F.R. § 1240.17(k)(6), however, the restrictions on the consideration of late-filed evidence in subsection (g) do not apply to a respondent who "has exhibited indicia of mental incompetency."

The respondent argues that the Immigration Judge should have applied the regulatory provision at 8 C.F.R. § 1240.17(k)(6) because the record contains indicia of incompetency due to his mental health diagnosis.  He therefore asserts that the Immigration Judge should not have excluded his late-filed evidence.  Whether the undisputed facts in this case place the respondent in proceedings governed by 8 C.F.R. § 1240.17 is a legal issue we review de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2020).

The respondent's removal proceedings are not governed by 8 C.F.R. § 1240.17.  After entering the United States, the respondent was placed into expedited removal proceedings and received a negative credible fear determination by DHS, which the Immigration Judge reviewed and vacated.  The respondent was then placed into removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a.  Although he was initially subject to expedited removal procedures, USCIS did not adjudicate his applications for asylum, withholding of removal, and CAT protection.  The regulation at 8 C.F.R. § 1240.17 applies only to those respondents first placed in expedited removal proceedings whose applications for relief and protection were adjudicated by USCIS and who were then placed in removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a.  Thus, this regulation does not apply to the respondent's removal proceedings.[5]

## C.  Relief and Protection from Removal

The Immigration Judge denied statutory withholding of removal, finding that the respondent had not demonstrated past persecution or a clear probability of future persecution on account of a cognizable particular social

---

[5]   Although the respondent raises other arguments regarding the admission of his late-filed evidence, we need not address these arguments because his proceedings will be remanded to the Immigration Judge for the reasons discussed below.

group. The respondent has not shown a clear probability of future persecution linked to a familial relationship to his cousin.[6] The Immigration Judge did not clearly err in finding that the gang members did not identify the respondent's cousin or express an interest in the respondent because of his relationship to his cousin when they approached the respondent outside of his godfather's house. *See Matter of N-M-*, 25 I&N Dec. 526, 532 (BIA 2011) ("A persecutor's actual motive is a matter of fact to be determined by the Immigration Judge and reviewed by [the Board] for clear error."). Nothing else in the record establishes that the gang members were targeting the respondent on account of his relation to his cousin. The respondent has therefore not demonstrated the requisite nexus to his proposed family-based social group, which is dispositive of his claim for withholding of removal on this basis. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270–71 (5th Cir. 2021) (holding that an applicant for withholding of removal claiming harm based on his family membership did not satisfy the applicable one central reason standard).

Regarding the respondent's two remaining proposed particular social groups, we will remand to the Immigration Judge for further development of the record. The Immigration Judge's decision contains conflicting legal conclusions about the validity of these proposed particular social groups and is otherwise incomplete as to the remaining elements of the claim for withholding of removal, which includes feared future harm from government and private actors.

In addition, the Immigration Judge did not make specific factual findings about the evidence considered in support of her legal determinations. Notably, the Immigration Judge's decision is unclear regarding whether she considered the late-filed evidence in evaluating the respondent's applications for relief. In her decision, the Immigration Judge stated that she had excluded the late-filed evidence. However, she subsequently stated in her analysis that she had reviewed it, and she referenced it in evaluating the respondent's claim. Excluded evidence or evidence marked for identification only should not be considered in resolving issues or adjudicating applications. *See* INA § 240(c)(1)(A), 8 U.S.C. § 1229a(c)(1)(A) ("The determination of the immigration judge shall be based only on the evidence produced at the hearing."); *see also* INA § 240(c)(4)(B), 8 U.S.C. § 1229a(c)(4)(B) (stating that when adjudicating an application for relief, "the immigration judge shall weigh the credible testimony along with other evidence of record"). If considered, evidence should be admitted into the record and assigned appropriate weight.

---

[6] The respondent has not disputed the Immigration Judge's determination that his past incidents did not involve harm rising to the level of persecution. This issue is therefore waived on appeal. *See, e.g.*, *Matter of D-G-C-*, 28 I&N Dec. at 297 n.1.

Remand is also necessary for the Immigration Judge to further address the respondent's application for CAT protection. Specifically, the Immigration Judge should address feared sources of torture beyond gang violence, including the respondent's fear of government actors. *See, e.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1139–43 (5th Cir. 2006) (analyzing separate sources of feared torture).

## III.  CONCLUSION

The respondent is not included in the category of individuals covered by the regulation at 8 C.F.R. § 1240.17 because although he was originally subject to expedited removal procedures, USCIS did not adjudicate his asylum application. Therefore, the regulatory paragraphs at 8 C.F.R. § 1240.17(g) and (k)(6) related to evidentiary filing deadlines do not apply in these proceedings.

We affirm the Immigration Judge's determination that the respondent has not established a nexus to his family-based particular social group, which is dispositive of his application for withholding of removal based on this ground. We will, however, remand the record for additional fact-finding and legal analysis as to the elements of the respondent's claim based on the remaining two proposed particular social groups and his eligibility for CAT protection.

On remand, the Immigration Judge should consider the evidence previously submitted, and the parties may submit additional evidence according to deadlines set by the Immigration Judge. *See Matter of R-C-R-*, 28 I&N Dec. 74, 77 (BIA 2020) (citing to *Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010), regarding an Immigration Judge's authority to control proceedings and set filing deadlines); *see also* 8 C.F.R. §1003.31(h) (2024) (providing authority to Immigration Judges to "set and extend time limits for the filing of applications and related documents" and to deem waived documents not filed by the deadline). We express no opinion as to the outcome of the case on remand. Accordingly, the respondent's appeal will be dismissed in part, and the record will be remanded to the Immigration Judge.

**ORDER:** The appeal is dismissed in part, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.