## Matter of C-A-R-R-, Respondent

*Decided March 17, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An Immigration Judge is not required to consider an Application for Asylum and for Withholding of Removal (Form I-589) on the merits if it is incomplete, and incomplete applications may be considered waived or abandoned, particularly where an opportunity to cure has been offered.

(2) Because declarations are not a constituent part of an asylum application, a Form I-589 is not incomplete, and an Immigration Judge may not deem it abandoned, solely because the respondent did not submit a declaration. *Matter of Interiano-Rosa*, 25 I&N Dec. 264 (BIA 2010), reaffirmed.

FOR THE RESPONDENT: Karene Brown, Esquire, New York, New York

BEFORE: Board Panel: GOODWIN, PETTY, and CLARK, Appellate Immigration Judges.

PETTY, Appellate Immigration Judge:

An Immigration Judge deemed the respondent's first three asylum applications incomplete because they each lacked responses to certain questions. The Immigration Judge deemed the fourth asylum application abandoned because the respondent's narrative declaration in support of the application lacked a proper certificate of translation. The Immigration Judge correctly deemed the first three applications incomplete, but we will reverse the Immigration Judge's finding of abandonment as to the fourth application because a declaration is not a required element of an asylum application. We affirm the Immigration Judge's denial of the respondent's application for cancellation of removal, because he lacks good moral character as a matter of law. The record will be remanded for the Immigration Judge to consider the respondent's asylum application on the merits.

## I. BACKGROUND

The respondent, a native and citizen of El Salvador, filed an Application for Asylum and for Withholding of Removal (Form I-589) pro se with the Immigration Judge in November 2013, December 2015, and December 2021. Each application was missing answers to questions on the Form I-589. The

Immigration Judge deemed each of these applications incomplete and did not consider them on the merits.

On April 10, 2024, the Immigration Judge instructed the respondent to file any applications for relief by April 23, 2024. The respondent, through prior counsel, timely filed an updated asylum application, his fourth overall, answering the required questions on the form. The Immigration Judge then instructed the respondent to file a declaration in support of the asylum application by May 17, 2024, or his asylum application would be deemed "waived and abandoned."

On that date, the respondent submitted a declaration in English in support of the asylum application. On May 29, 2024, the respondent submitted an updated English-language declaration with a certificate of translation stating that the respondent's prior counsel had "prepared the English translation from the attached Declaration." However, no Spanish-language declaration was attached. The Immigration Judge rejected the May 17, 2024, declaration because it did not include the Spanish-language document to which it referred, or a certificate of translation. He also rejected the May 29, 2024, declaration because it did not include a motion for untimely filing or a properly executed certificate of translation.

The Immigration Judge found the respondent's fourth asylum application contained more information than his previous submissions but still lacked sufficient details. The Immigration Judge concluded that "absent a valid declaration in support of his asylum application, the [r]espondent's asylum application is excluded from the evidentiary record and deemed waived and abandoned." The respondent testified in support of his application for cancellation of removal, during which he admitted to selling cocaine in 2023.

## II.  DISCUSSION

### A.  Asylum

#### 1. Completeness of Form I-589

The Attorney General has, pursuant to her statutory authority, "given Immigration Judges significant latitude in controlling the cases before them." *Matter of H. N. Ferreira*, 28 I&N Dec. 765, 767 (BIA 2023); *see also* 8 C.F.R. § 1003.10(b) (2025). This includes the authority to set and enforce filing deadlines. 8 C.F.R. § 1003.31(h) (2025); *see also Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008). As we explained in *Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010), "Immigration

Judges have authority to set filing deadlines for applications and related documents."

However, even where a Form I-589 is submitted to the Immigration Judge within the time permitted, the Immigration Judge is not required to consider it on the merits if it is incomplete. *See* 8 C.F.R. § 1208.3(c)(3) (2020) ("An application returned to the applicant as incomplete shall be resubmitted by the applicant with the additional information if he or she wishes to have the application considered.").[1]  Furthermore, incomplete applications may be considered waived or abandoned, particularly where an opportunity to cure has been offered. *See Matter of Interiano-Rosa*, 25 I&N Dec. at 265 ("An application or document that is not filed within the time established by the Immigration Judge may be deemed waived.").

The regulations provide that a Form I-589 is incomplete if it does not "include a response to each of the questions contained in the Form I-589, is unsigned, or is unaccompanied by the required materials specified in [8 C.F.R. § 1208.3(a) (2025)]."  8 C.F.R. § 1208.3(c)(3).  Applicants are directed to "submit Form I-589 . . . together with any additional supporting evidence in accordance with the instructions on the form."  8 C.F.R. § 1208.3(a)(1).  The form's instructions similarly provide that an application will be considered incomplete if "[t]he application does not include a response to each of the questions contained in Form I-589."

---

[1]  Although 8 C.F.R. § 1208.3(c)(3) was amended by Procedures for Asylum and Withholding of Removal, 85 Fed. Reg. 81698 (Dec. 16, 2020) (to be codified at 8 C.F.R. pts. 1003, 1103, 1208, 1240), this rule was preliminarily enjoined. *See Nat'l Immigrant Just. Ctr. v. Exec. Off. for Immigr. Rev.*, Civ. A. No. 21-56 (D.D.C. Jan. 14, 2021).  The Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 87 Fed. Reg. 18078, 18221 (Mar. 29, 2022) (codified at 8 C.F.R. pts. 1003, 1208, 1235, 1240), added text to 8 C.F.R. § 1208.3(c)(3), but did not replace the enjoined language.  The currently effective version of 8 C.F.R. § 1208.3(c)(3) is as follows:

> An asylum application under paragraph (a)(1) of this section that does not include a response to each of the questions contained in the Form I-589, is unsigned, or is unaccompanied by the required materials specified in paragraph (a) of this section is incomplete.  The filing of an incomplete application shall not commence the 150-day period after which the applicant may file an application for employment authorization in accordance with § 1208.7.  An application that is incomplete shall be returned by mail to the applicant within 30 days of the receipt of the application by the Service.  If the Service has not mailed the incomplete application back to the applicant within 30 days, it shall be deemed complete.  An application returned to the applicant as incomplete shall be resubmitted by the applicant with the additional information if he or she wishes to have the application considered.

*See* Instructions for Application for Asylum and Withholding of Removal (Form I-589), at 9 (Mar. 1, 2023) ("Form I-589 Instructions").

A "response to each of the questions," for purposes of both the regulation and the form's instructions, means each question requires a specific, responsive answer.[2]   As U.S. Citizenship and Immigration Services explained in its justification for promulgating the Form I-589, "[t]he use of a form, rather than permitting a free narrative, focuses the applicant on the specific details that are legally relevant, and ensures that all necessary elements are addressed."   *See* Supporting Statement for Application for Asylum and Withholding of Removal, OMB Control No. 1615-0067, at 3 (Dec. 12, 2024); https://www.reginfo.gov/public/do/PRAViewDocument?ref_nbr=202412-1615-003.        This   allows   the Department of Homeland Security and the Department of Justice "to address a greater volume of applications and to concentrate efforts on approving meritorious claims."  *Id.*

A complete Form I-589 requires a specific substantive answer to every question on the form.  As the respondent's first three asylum applications lacked responses to specific questions on the Form I-589, the Immigration Judge properly deemed the applications incomplete and declined to consider them on the merits.  *See* 8 C.F.R. § 1208.3(c)(3).

### 2. Failure to File a Declaration

The respondent's fourth and final application included substantive answers to all the questions on the Form I-589.  The Immigration Judge erred in deeming the entire asylum application abandoned solely because the respondent did not submit a supporting declaration in the proper manner.  A declaration is not a constituent part of an asylum application. There are no questions on the Form I-589 that require a declaration as a response, nor is a declaration among the materials required under 8 C.F.R. § 1208.3(a) to accompany an application.  Likewise, as noted above, the regulations direct asylum applicants to "file Form I-589 . . . together with   any   additional   supporting   evidence   in   accordance   with   the

---

[2]   A specific, responsive answer does not necessarily require that every space on the Form I-589 be used.  Blank spaces are permissible if their use is not necessary to completely and substantively answer the question.  For example, excess spaces to provide personal information regarding an applicant's children need not be used if the applicant has no children or has fewer than may be included on the form.  Conversely, continuation pages may be used where the form provides insufficient space to answer one or more questions.  *See* Application for Asylum and Withholding of Removal (Form I-589), Supps. A, B (Mar. 1, 2023).

instructions on the form," 8 C.F.R. § 1208.3(a)(1), but the instructions do not require a declaration. *See* Form I-589 Instructions at 5–8. Because declarations are not a constituent part of an asylum application, a Form I-589 is not incomplete, and an Immigration Judge may not deem it abandoned, solely because the respondent did not submit one. *See Matter of Interiano-Rosa*, 25 I&N Dec. at 266.

This does not mean that Immigration Judges cannot require an applicant to submit a declaration, or that an applicant can disregard a directive from an Immigration Judge to file one. Immigration Judges may require applicants to submit declarations in support of asylum applications, and to do so within a specified time, just as they have the authority to direct submission of briefs, evidence, and other papers, and to set and enforce deadlines for doing so. *See* 8 C.F.R. § 1003.31(h) (2025).

However, a declaration supplements an asylum application without forming a constituent part of it. Therefore, the remedy for failing to file one when so directed is limited to the declaration (or other supplemental document) itself. If a supplemental document is not timely filed, the opportunity to file it is waived. *See* 8 C.F.R. § 1003.31(h) ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file *that application or document* shall be deemed waived." (emphasis added)); *see also Matter of Interiano Rosa*, 25 I&N Dec. at 266 ("[T]he proper course of action for the Immigration Judge would have been to deem the respondent's opportunity to file these documents waived . . . ."). The absence of the respondent's declaration can then be considered in assessing the applicant's burden of proof. *See Matter of Interiano-Rosa*, 28 I&N Dec. at 266 (directing the Immigration Judge to "determine what effect the failure to present [documents] had on his ability to meet his burden").

In some instances, the failure to file a document may be dispositive. But the effect of an absent declaration or other supplemental document goes to the merits of the application, not its completeness. As we have previously explained, "[d]eeming the application itself abandoned [in such cases is] not an appropriate disposition by the Immigration Judge." *Id.* We will therefore remand the record to the Immigration Judge to consider the merits of the respondent's application for asylum and related protection.

### B.    Cancellation of Removal

The Immigration Judge correctly denied the respondent's application for cancellation of removal.  Eligibility for cancellation of removal requires the applicant to demonstrate, among other things, that he or she has been a person of good moral character for the "10 years immediately preceding the date of such application."[3]    INA  §  240A(b)(1)(A)–(B),  8  U.S.C. § 1229b(b)(1)(A)–(B) (2018).  Good moral character is defined to exclude individuals  described  in  section  212(a)(2)(A)  of  the  INA,  8  U.S.C. § 1182(a)(2)(A) (2018), "whether inadmissible or not."  INA § 101(f)(3), 8 U.S.C. § 1101(f)(3) (2018).  That provision includes those who have been "convicted of, or who admit[] having committed, or who admit[] committing acts which constitute the essential elements of—a violation of . . . any law or regulation of . . . the United States . . . relating to a controlled substance." INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Here, the respondent admitted to selling cocaine in 2023.  Cocaine is a federally controlled substance, 21 U.S.C. § 812 (2018), and selling it is a violation of 21 U.S.C. § 841(a)(1) (2018).  Accordingly, the respondent has admitted  to  committing  acts  that  constitute  the  essential  elements  of  a violation of law relating to a controlled substance.[4]    He is therefore "described in" section 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). INA § 101(f)(3), 8 U.S.C. § 1101(f)(3).  Because the act was within the 10-year period, the respondent lacks good moral character as a matter of law and is ineligible for cancellation of removal.  INA § 240A(b)(1)(B), 8 U.S.C. § 1229b(b)(1)(B).

Based on the foregoing, the record will be remanded to the Immigration Judge to consider the merits of the respondent's application for asylum and related protection.  We express no opinion as to the ultimate outcome of this case.

---

[3]    The Board has construed the statutory phrase "immediately preceding the date of such application" in section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), to mean "a fixed 10-year period . . . calculated backward from the date on which the application is finally resolved by an Immigration Judge or the Board."  *Matter of Ortega-Cabrera*, 23 I&N Dec. 793, 796–97 (BIA 2005).

[4]    The respondent does not claim that the procedural safeguards for admissions under *Matter of K-*, 7 I&N Dec. 594, 597 (BIA 1957), apply in this context.  Accordingly, we find any argument regarding this issue waived on appeal.  *See Matter of O-R-E-*, 28 I&N Dec. 330, 336 n.5 (BIA 2021) (stating that issues not meaningfully developed on appeal are deemed waived).

**ORDER:**   The respondent's appeal with respect to his asylum application is sustained.

**FURTHER ORDER:**   The respondent's appeal with respect to his cancellation of removal application is dismissed.

**FURTHER ORDER:**   The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.