# Matter of H-A-A-V-, Respondent

*Decided September 11, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

If the factual allegations underlying a claim for asylum, withholding of removal, or protection under the Convention Against Torture, viewed in the light most favorable to the respondent, do not establish prima facie eligibility for relief or protection, an Immigration Judge may pretermit the applications without a full evidentiary hearing on the merits of the claim.

FOR THE RESPONDENT: Reuben S. Kerben, Esquire, Kew Gardens, New York

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER, Appellate Immigration Judge; MCCLOSKEY, Temporary Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

In a decision issued on May 8, 2025, the Immigration Judge pretermitted the respondent's applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT").[1] Sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2018); 8 C.F.R. § 1208.16(c) (2025). The respondent appeals the Immigration Judge's decision. Because we conclude that the Immigration Judge did not err in pretermitting applications that did not present a prima facie claim for relief, the appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Peru. He was placed in removal proceedings and, through counsel, subsequently filed a Form I-589 Application for Asylum and Withholding of Removal, based on extortion by criminal gangs in Peru. At his initial master calendar hearing, the respondent entered oral pleadings and conceded removability. At the next master calendar hearing on May 8, 2025, DHS made an oral motion to pretermit the respondent's applications for relief. After confirming that there were no

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994).

factual issues in dispute, the Immigration Judge determined that the respondent had not established prima facie eligibility for asylum or related relief, pretermitted his applications, and ordered him removed to Peru. The respondent argues on appeal that the Immigration Judge's decision is contrary to existing Board precedent and that the Immigration Judge violated his right to due process of law and his statutory and regulatory rights by pretermitting his applications for relief.

## II. ANALYSIS

Whether the Immigration Judge erred in pretermitting the respondent's applications for asylum and related relief is a question of law the Board reviews de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025). Section 240(b)(4)(B) of the INA, 8 U.S.C. § 1229a(b)(4)(B) (2018), provides that an alien in removal proceedings "shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government."[2] Relatedly, section 240(c)(4)(B) of the INA, 8 U.S.C. § 1229a(c)(4)(B), sets forth standards for evaluating whether the respondent has met the burden of proof on any applications for relief, noting that the Immigration Judge should evaluate the testimony of the respondent and any witnesses and "weigh the credible testimony along with other evidence of record." The regulations implementing these statutory provisions in the context of asylum and withholding of removal applications provide that Immigration Judge will decide such applications for relief "after an evidentiary hearing to resolve factual issues in dispute," 8 C.F.R. § 1240.11(c)(3) (2025), and that at such an evidentiary hearing, the respondent "shall be examined under oath on his or her application and may present evidence and witnesses in his or her own behalf," 8 C.F.R. § 1240.11(c)(3)(iii). Those regulations also apply to applications for withholding or deferral of removal under the CAT. *See Matter of C-B-*, 25 I&N Dec. 888, 890–91 (BIA 2012).

The statutory and regulatory provisions above ensure that the respondent has the opportunity to present evidence in support of any applications for relief and to respond to any evidence presented by DHS. These provisions, however, do not require a full evidentiary hearing if there are no factual issues in dispute. *See* 8 C.F.R. § 1240.11(c)(3). Immigration Judges have broad discretion to conduct and control immigration proceedings and may determine the length and type of hearings held.

---

[2] The statute includes an exception that pertains to national security information, which is not relevant here.

*See Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010); *see also* INA § 240(b)(1), 8 U.S.C. § 1229a(b)(1) (2018); 8 C.F.R. § 1240.1(c) (2025). Immigration Judges are not required to hold merit hearings on applications that are incomplete or where an applicant is ineligible for relief and may pretermit those applications.[3] *See, e.g.*, *Matter of C-A-R-R-*, 29 I&N Dec. 13, 15 (BIA 2025) (holding that Immigration Judges need not consider the merits of Form I-589 applications that are incomplete); *Matter of J-G-P-*, 27 I&N Dec. 642, 643, 650 (BIA 2019) (affirming an Immigration Judge's pretermission of a cancellation of removal application based on a criminal conviction).

We are unpersuaded by the respondent's argument that the Immigration Judge did not properly review the respondent's applications for relief from removal. First, the respondent had a reasonable opportunity to present evidence on his own behalf, as he was represented by counsel and the Form I-589 instructions and corresponding regulations provide notice of the importance of submitting a complete asylum application and additional supporting evidence. *See* INA § 240(b)(4)(B), 8 U.S.C. § 1229a(b)(4)(B); 8 C.F.R. § 1208.3(a) (2025); 8 C.F.R. § 1208.3(c)(3) (2020);[4] *see also Matter of C-A-R-R-*, 29 I&N Dec. at 15.

Second, the respondent had an abbreviated hearing on the claim at the master calendar stage. The Immigration Judge confirmed with counsel that there were no disputed issues of fact and gave the respondent's counsel the opportunity to proffer any particular social group(s) in support of his asylum claim. The respondent's counsel, however, did not articulate any particular

---

[3]   Federal courts also have procedures to resolve cases that do not require a full evidentiary jury trial or bench trial. In civil litigation, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted when a judge, after assuming that all factual allegations contained in the complaint are true and giving the plaintiff the full benefit of the doubt, determines that the plaintiff has failed to state a claim upon which relief can be granted. *See generally McChesney v. Fed. Election Comm'n*, 900 F.3d 578, 583–84 (8th Cir. 2018). Also, a judge may grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure when the judge determines that, considering the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material facts that require a trial or evidentiary hearing and that a party is entitled to judgment as a matter of law. *See Valderas v. City of Lubbock*, 937 F.3d 384, 388 (5th Cir. 2019).

[4]   As noted in *Matter of C-A-R-R-*, 29 I&N Dec. at 15 n.1, the currently effective version of this regulation is the 2020 version as modified by the Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 87 Fed. Reg. 18078, 18221 (Mar. 29, 2022) (codified at 8 C.F.R. pts. 1003, 1208, 1235, 1240).

social groups for the Immigration Judge to consider and did not present any reasons why a full evidentiary hearing was necessary.  The respondent does not claim on appeal that any material facts remain in dispute or that he was not given a sufficient opportunity to proffer the basis for his claim for relief.

We agree with the Immigration Judge that the undisputed facts of the respondent's case do not meet the requirements to establish a claim for asylum, withholding of removal, or protection under the CAT.  The respondent's claim is based on extortion by criminal gangs, and the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, has repeatedly held that it "do[es] not recognize economic extortion as a form of persecution under immigration law." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (alteration in original) (quoting *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012)); *accord Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016); *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).  As the respondent's past extortion does not rise to the level of persecution, it also does not meet the "higher bar of torture."  *Roy v. Ashcroft*, 389 F.3d 132, 140 (5th Cir. 2004) (citation omitted).

The respondent's Form I-589 does not describe suffering other past harm besides extortion and does not identify other specific forms of violence that he fears in the future.  The respondent also did not articulate a particular social group or other protected ground as the basis of his claim when given the opportunity to do so. *See Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 191 (BIA 2018) ("Where an applicant raises membership in a particular social group as the enumerated ground that is the basis of her claim, she has the burden to clearly indicate 'the exact delineation of any particular social group(s) to which she claims to belong.'" (citation omitted)).  Accordingly, the respondent did not present a prima facie case for asylum, withholding of removal, or protection under the CAT.  *See Matter of L-O-G-*, 21 I&N Dec. 413, 419 (BIA 1996) (holding that prima facie eligibility requires a reasonable likelihood of satisfying the requirements for relief).  Thus, a full evidentiary hearing on the merits was unnecessary.

We recognize that in *Matter of Fefe,* 20 I&N Dec. 116, 118 (BIA 1989), the Board held that an Immigration Judge "should not . . . adjudicate a written application for asylum if no oral testimony has been offered in support of that application."  The Board stated that the "full examination of an applicant" ordinarily will be necessary for reasons of fairness and to prevent applicants from being presumed credible when the claim is fabricated. *Matter of Fefe*, 20 I&N Dec. at 118.  The Board further stated that at a minimum the applicant should "be placed under oath[] and be questioned as to whether the

information in the written application is complete and correct." *Id.* The Board later reaffirmed *Matter of Fefe* in *Matter of E-F-H-L-*, 26 I&N Dec. 319, 324 (BIA 2014), holding that an applicant for asylum and withholding of removal was entitled to a hearing on the merits of his or her applications even without having established prima facie eligibility. The Board's decision, however, was vacated by the Attorney General in *Matter of E-F-H-L-*, 27 I&N Dec. 266 (A.G. 2018).

The respondent's reliance on *Matter of Fefe* is misplaced. *Matter of Fefe* predated the enactment of section 240(b)(4)(B) of the INA, 8 U.S.C. § 1229a(b)(4)(B). *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C, § 304(a)(3), 110 Stat. 3009-546, 3009-590. Moreover, *Matter of Fefe*, 20 I&N Dec. at 117–18, relied on regulations that are no longer in effect. *See also Ramirez v. Sessions*, 902 F.3d 764, 771 n.1 (8th Cir. 2018) (calling into question the continued relevance of *Matter of Fefe*). Thus, *Matter of Fefe* is no longer binding precedent.

The ability of Immigration Judges to act on facts conceded by counsel is well established.[5] *See generally Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (stating that "[a] judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them" and has the "effect of withdrawing a fact from contention"); *Matter of Velasquez*, 19 I&N Dec. 377, 382–83 (BIA 1986) (holding that aliens are generally bound by the admissions and concessions of their counsel). It was therefore permissible for the Immigration Judge to rely on counsel's assertion that if the Immigration Judge accepted the facts as included in the application, there were no factual issues in dispute.

Contrary to the respondent's assertion on appeal, the Immigration Judge did not deprive him of his due process right to a full and fair hearing. Due process requires that respondents in immigration proceedings be given an "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted).[6] An

---

[5]   If the respondent had appeared pro se, the Immigration Judge would have needed to place him under oath to affirm that his application was complete and correct before determining whether he established a prima facie claim. *See* 8 C.F.R. § 1240.11(c)(3)(iii).

[6]   The Board has the authority to evaluate constitutional issues, including whether a respondent's due process rights under the Fifth Amendment of the United States Constitution have been violated. *See, e.g.*, *Matter of M-D-C-V-*, 28 I&N Dec. 18, 29–30 (BIA 2020) (concluding that the respondents' due process rights were not violated).

applicant's fundamental due process rights are not violated when an Immigration Judge pretermits an application for asylum or related relief or protection if the applicant appeared at a hearing before an Immigration Judge, had the opportunity to plead to the charges and submit an application for relief and supporting evidence, and the applicant or his legal representative did not, either in writing or orally, show prima facie eligibility for the relief or protection sought. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018) (stating that as a general rule, due process requires that an alien be afforded a fair opportunity to be heard).

Nor are we persuaded by the respondent's contention that the Immigration Judge was not a "neutral arbiter" or "acting independently." While the respondent alleges that the Immigration Judge prejudged his asylum claim, we have already concluded that in the absence of any factual disputes, the Immigration Judge was authorized to pretermit the respondent's applications where he did not establish prima facie eligibility for his claims. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that judicial rulings alone rarely show bias); *see also Matter of Exame*, 18 I&N Dec. 303, 306 (BIA 1982) ("[A]n applicant is not denied a fair hearing merely because the immigration judge has a point of view about a question of law or policy."). Therefore, we are not persuaded that the Immigration Judge did not act as a neutral arbiter or act independently, and we conclude that the respondent's due process rights were not violated in this respect.

We recognize that many claims for asylum and related relief and protection contain disputed factual issues relevant to a respondent's eligibility for asylum or related relief and thus will warrant a full hearing and cross-examination of the respondent and witnesses before the case is resolved. However, if the factual allegations underlying a claim for asylum, withholding of removal, or protection under the CAT, viewed in the light most favorable to the respondent, do not establish prima facie eligibility for relief or protection, an Immigration Judge may pretermit the applications without a full evidentiary hearing on the merits of the claim. In this case, the Immigration Judge conducted the hearing appropriately, complied with the applicable statutes and regulations, and provided the respondent with the requisite due process.

## III. CONCLUSION

For the foregoing reasons, we affirm the Immigration Judge's denial of the respondent's applications for asylum and related relief. We also conclude that the record reflects that the respondent's proceedings were fair and complied with the INA and regulations.

**ORDER:**  The respondent's appeal is dismissed.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).