# Matter of A-M-Z-F-, Respondent

*Decided April 14, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Parties in Immigration Court have no right to give a closing argument unless they demonstrate that the denial of such argument would constitute a due process violation.

FOR THE RESPONDENT: Sherif Bishara, Esquire, Bayonne, New Jersey

BEFORE: Board Panel: HUNSUCKER and CHABAN, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

On July 17, 2025, the Immigration Judge denied the respondent's applications for asylum under section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A) (2024), withholding of removal under section 241(b)(3)(A) of the INA, 8 U.S.C. § 1231(b)(3)(A) (2024), and protection under the regulations implementing the Convention Against Torture ("CAT").[1] The respondent, a native and citizen of Egypt, appeals from that decision, arguing, inter alia, that he was denied due process because the Immigration Judge did not permit his counsel to present a closing argument. We discern no due process violation but will remand the record to the Immigration Court for further factual findings regarding other issues.

Aliens have many rights in removal proceedings. For example, aliens charged with removability must be given proper notice of the removal proceedings, the charges against them, and the availability of free legal services. INA § 239(a)(1), (b)(2), 8 U.S.C. § 1229(a)(1), (b)(2) (2024). They have the right to be represented by counsel at their own expense. INA § 240(b)(4)(A), 8 U.S.C. § 1229a(b)(4)(A) (2024); *see also* 8 C.F.R. § 1003.16(b) (2026). Additionally, they "shall have a reasonable opportunity to" present evidence, examine the evidence against them, and cross-examine witnesses. INA § 240(b)(4)(B), 8 U.S.C. § 1229a(b)(4)(B).

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. § 1208.16(c) (2026); 8 C.F.R. § 1208.18(a) (2020)

The Immigration Judge has many responsibilities in Immigration Court. "The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses." INA § 240(b)(1), 8 U.S.C. § 1229a(b)(1); *see also* 8 C.F.R. § 1003.10(b) (2026). "The immigration judge shall receive and consider material and relevant evidence, rule upon objections, and otherwise regulate the course of the hearing." 8 C.F.R. § 1240.1(c) (2026).

The Immigration Judge is also afforded "broad discretion to conduct and control immigration proceedings." *Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010); *accord Matter of J-H-M-H-*, 29 I&N Dec. 278, 280 (BIA 2025) ("Immigration Judges have broad discretion in conducting immigration proceedings and admitting and considering evidence."). Argument is an inherent part of the court hearing, as any party charging or contesting a basis for removability or applying for relief or protection from removal is inherently arguing the validity of their position. Depending on the unique issues of the particular case, a closing argument may be of benefit to the Immigration Judge. But, in many cases, closing arguments are unnecessary.

The Board is authorized to consider certain constitutional issues, and we routinely consider constitutional issues such as whether the actions of an Immigration Judge deny due process to a respondent. *See, e.g.*, *Matter of H-A-A-V-*, 29 I&N Dec. 233, 237–38 (BIA 2025) ("An applicant's fundamental due process rights are not violated when an Immigration Judge pretermits an application for asylum or related relief or protection if the applicant [was afforded certain procedural rights] and the applicant or his legal representative did not, either in writing or orally, show prima facie eligibility for the relief or protection sought."); *Matter of Sandoval*, 17 I&N Dec. 70, 75–83 (BIA 1979) (discussing the application of the exclusionary rule in immigration proceedings). "[D]eclining to allow a closing argument after extensive testimony and argument is within the [immigration] judge's broad authority." *Champion v. Holder*, 626 F.3d 952, 957 (7th Cir. 2010). The Fifth Amendment's Due Process Clause does not mandate that respondents be allowed to make a closing argument. In immigration proceedings, the right to due process is satisfied if the hearing is fundamentally fair. *See Vetcher v. Barr*, 953 F.3d 361, 370 (5th Cir. 2020) ("[R]emoval proceedings must be conducted according to standards of fundamental fairness.").

We acknowledge that some courts have stated in dicta that the "[d]enial of the opportunity to present opening statements or closing arguments at a deportation proceeding *may* constitute a due process violation."

*Gilaj v Gonzales*, 408 F.3d 275, 290 (6th Cir. 2005) (emphasis added); *see also Castellano-Chacon v. INS*, 341 F.3d 533, 553 (6th Cir. 2003) (stating that the Immigration Judge erred in denying the alien the opportunity to present an opening statement or closing argument but that the error was harmless), *abrogated on other grounds by Almuhtaseb v. Gonzales*, 453 F.3d 743 (6th Cir. 2006). However, we are unaware of any case finding that an Immigration Judge's denial of a closing argument *did* constitute a due process violation.

The sufficiency of arguments and evidence presented during the course of a hearing will inform whether a closing argument is necessary, and a party may request to make a closing argument.[2] But parties in Immigration Court have no right to give a closing argument unless they demonstrate that the denial of such argument would constitute a due process violation. To establish a due process rights violation, a respondent "must prove that there was a deficiency or violation and that he was prejudiced by it." *Matter of R-C-R-*, 28 I&N Dec. 74, 77 (BIA 2020). Given the many opportunities the parties have to present evidence and argument before the Immigration Judge, we are unaware of any example where the denial of a closing argument, by itself, would render a hearing unfair and result in prejudice.

In the present case, the respondent has not shown he was prejudiced by the denial of the opportunity to present a closing argument. The respondent argues that during closing argument, his counsel would have highlighted evidence of police disregard of Christians' rights to file police reports and to petition courts, and this would have impacted the Immigration Judge's assessment of the respondent's credibility about his arrest. This aspect of the adverse credibility finding was based on what the Immigration Judge found to be an inconsistency between the respondent's testimony and the police report. The respondent has not demonstrated how highlighting general country conditions evidence in a closing argument would have affected the Immigration Judge's decision. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (per curiam) ("To prevail on a due process claim, an alien must make an initial showing of substantial prejudice by making 'a prima facie showing that the alleged violation affected the outcome of the proceedings.'" (citation omitted)).

---

[2] Although "the Immigration Judge decides how each hearing is conducted," the "parties should be prepared to . . . make a closing statement." EOIR Policy Manual, Part II: OCIJ Immigration Court Practice Manual § 3.15(d) (Mar. 18, 2026). However, the fact that parties should be prepared to make legal arguments does not suggest that any particular argument is legally required.

The respondent also argues that his counsel would have highlighted the International Religious Freedom Report's statement that systemic government policies and laws restrict the freedom of religious minorities in Egypt, and this would have impacted the Immigration Judge's finding on whether the government is able and willing to control the Muslim Brotherhood members the respondent fears. Considering the totality of the record, highlighting this general background information regarding country conditions would not have impacted the Immigration Judge's finding that the government is able and willing to control the Muslim Brotherhood. *See id.* Discriminatory restrictions on minority (particularly Christian) religious practice and a willingness to control a Muslim terrorist organization are not mutually exclusive.

We thus conclude that the respondent was provided a full and fair hearing and was not prejudiced by the lack of a closing argument. The respondent's appellate arguments serve to demonstrate the unlikeliness that a due process violation could arise by denying closing argument in the Immigration Court.

Turning to the merits of the respondent's applications for asylum and related relief, the respondent fears harm from Muslim Brotherhood extremists who targeted him in the past because he is a Coptic Christian. The Immigration Judge made a mixed credibility finding. A determination as to an asylum applicant's credibility must be made based on the totality of the record evidence. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii) (2024). We will remand the record to the Immigration Judge to further assess and clarify the credibility finding and explicitly address the sufficiency of respondent's testimony and corroborating documentary evidence. *See Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (holding that the Board's has limited fact-finding authority and that Immigration Judges must "include clear and complete findings of fact in their decisions").

One of the aspects of the respondent's testimony that the Immigration Judge found not credible is his account of being detained for 3 days after Muslim Brotherhood members attacked him and his workers at a construction site for eating lunch during Ramadan. The Immigration Judge found the respondent's testimony inconsistent with the police report of the incident which indicates that the report was filed and closed on the same day. However, the police report concludes by stating that the accused would be summoned and questioned, and that appears to be what the respondent stated happened during the 3 days he was detained. The respondent's detention was also corroborated by some of his workers, including one who was also detained. On remand, the Immigration Judge should specifically address the declarations from the respondent's workers corroborating their detention.

The Immigration Judge also found the respondent not credible with respect to his assertion that the Muslim Brotherhood was responsible for his young daughter's kidnapping and that they were the entity to which the respondent was coerced into relinquishing his land. Although the deed does not mention the Muslim Brotherhood or any individual members, it does indicate that the respondent transferred his land to an Islamic institute for no consideration. The respondent explained that an attorney for the Muslim Brotherhood handled the matter. The respondent also asserted that the local head of the Muslim Brotherhood coordinated his daughter's release in return for his land. The Immigration Judge should address these factors when assessing the respondent's testimony about his daughter's kidnapping and the transfer of his land. In addition, the Immigration Judge should address the relevance of the evidence that, during her kidnapping, the respondent's daughter was burned on her wrist where her Christian cross tattoo was located.

On remand, the Immigration Judge should ensure that all relevant record evidence is addressed when evaluating the respondent's credibility and determining whether the respondent met his respective burdens of proof. *See* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). The Immigration Judge should reassess the respondent's claims and explicitly address the documentary evidence the respondent presented in support of his claims. However, whether to allow closing argument is within the discretion of the Immigration Judge absent a showing that the denial of such argument would violate due process.

**ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.